SCHIFF HARDIN LLP
Stephen M. Hankins (CSB# 154886)
Sarah D. Youngblood (CSB# 244304)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

Attorneys for Defendant
CARESTREAM HEALTH, INC.,

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NOTE CHANGES MADE BY THE COURT

SOUTHERN CALIFORNIA ORTHOPEDIC INSTITUTE, L.P. a California limited partnership,

Plaintiff,

v.

CARESTREAM HEALTH, INC., a Delaware corporation,

Defendant.

Case No. 2:10-CV-00690-DMG-AGRx

**~~[PROPOSED]~~ PROTECTIVE ORDER**

NOTE CHANGES MADE BY THE COURT

Having considered the Stipulation Regarding Protective Order submitted by the parties concurrently herewith, and finding good cause appearing for the same, the Court hereby issues the following Order:

**RECITALS**

A. Plaintiff Southern California Orthopedic Institute, L.P. ("SCOI") commenced this action by the filing of a complaint against Defendant Carestream Health, Inc. ("Carestream") on December 30, 2009 in Los Angeles County Superior Court;

B. On January 29, 2010, Carestream removed this case to the United

States District Court, Central District of California on the basis of diversity jurisdiction;

C. The discovery and pre-trial phase of this action involved and continue to involve the disclosure of information and documents which the parties believe to be protected as confidential and proprietary business and financial information, including, but not limited to, financial statements, purchasing orders, and price quotations; and

D. The parties therefore stipulate and request that the Court enter the following order under Rule 26(c)(7) of the Federal Rules of Civil Procedure, and applicable decisional law regarding the treatment of information designated confidential by any party to this matter.

**[PROPOSED] ORDER**

**1. Scope**

a. This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in the Litigation whether revealed in a document, deposition, other testimony, discovery responses or otherwise, by any party (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein.

b. Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony given in this proceeding, which it believes in good faith constitutes, reflects or discloses confidential and proprietary information, including: (i) manufacturing, bottling, and shipping processes, bottle specifications, plans, and designs, financial data, marketing and advertising data or plans, strategic or long-range plans, and/or cost, compensation, expense data; (ii) any information that any party believes would compromise and/or jeopardize the Producing Party's competitive business interests; and (iii) other information understood to be

confidential pursuant to a confidentiality agreement.

c. Any party may designate as Confidential documents or information produced by another party if that material either originated from the designating party or was generated on the designating party's behalf. In which case, the designating party shall be deemed a Producing Party for purposes of this Order.

**2. Designation of Confidentiality**

Documents or information may be designated "Confidential" in the following ways:

a. A Producing Party shall, if appropriate, designate specific documents as "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONTAINS CONFIDENTIAL INFORMATION" in a manner so as not to obliterate or obscure the substantive content of such documents and other material when reproduced.

b. A Producing Party shall designate interrogatory answers and responses to requests for admission as Confidential Information by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" in a manner so as not to obliterate or obscure the substantive content of such documents and other material when reproduced.

c. In the case of depositions and the information contained in depositions, counsel for a Producing Party or witness shall designate portions of the transcript which contain Confidential Information by making a statement on the record in the course of the deposition or by letter within ten (10) calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of

the ten (10) day period for designation. The following legend shall be placed on the front of the original and each copy of the deposition transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as "CONFIDENTIAL," the video container shall be labeled with the legend provided for in paragraph 2(a) above. The videographer shall be directed during and at the conclusion of the deposition as to which portions of the testimony contain "CONFIDENTIAL INFORMATION." When a deposition transcript contains Confidential Information, the Producing Party shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information and bind them separately from the non-confidential portions. This separate binding shall be at the requesting party's expense.

**3. Filing of Confidential Information**

AGR ~~All~~ A party seeking to file documents and materials containing Confidential Information ~~that are filed with the Court shall be filed~~ under seal ~~pursuant to the following procedures:~~ must comply with Local Rule 79-5.

a. Where possible, only confidential portions of filings with the Court shall be filed under seal. Confidential Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this Litigation, the words "FILED UNDER SEAL," and a statement substantially in the following form: "This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

b. The envelope shall not be opened without further order of the Court except by persons authorized to have access to such materials pursuant to paragraphs 4, 5, and 6, as applicable, who shall return the information to the Clerk in a sealed envelope. Any envelope containing Confidential Information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. A full

and unredacted copy of any such submission shall be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential Information Subject to a Protective Order."

c. Within three (3) business days of filing Confidential Information, pursuant to paragraph 3(a), the submitting party shall file with the Court, for its public file, a copy of the submitted materials with the Confidential Information redacted. Any Confidential Information produced by third parties pursuant to this Order shall also be redacted from this public filing.

d. If any party objects to ~~identified portions of the materials remaining~~ an application for filing under seal, it shall state its objections in ~~a faxed or electronically delivered letter to counsel for all parties in this Litigation. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution. A revised public filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.~~ an opposition brief.

AGR

**4. Use of Confidential Information**

Confidential Information shall only be used by any person other than the Producing Party, for use in conducting or defending this Litigation, and shall not be used for any business, competitive, personal, private, public, or organizational purposes. While the parties agree that the protective order shall apply to all parties, there should be nothing to prevent SCOI or Carestream from using information for the conduct of their business. However, if those parties retain outside parties and these persons are brought in as experts or consultants for Carestream or SCOI, those parties must comply with this Protective Order. The Producing Party may withdraw or modify any designation.

**5. Disclosure of Confidential Information**

Access to information designated as "CONFIDENTIAL" pursuant to this

Order shall be limited to:

a. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, ~~jurors,~~ and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony and argument at any deposition, or hearing, ~~trial or appeal~~ in this Litigation;

b. Mediators or other individuals engaged or consulted in settlement of this Litigation, but only after such persons execute the Acknowledgement and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

c. Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation, but only after such persons execute the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

d. Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation, but only after such persons execute the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

e. Any expert witness retained by a party to give testimony in the Litigation or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that such witness executes, in advance, the Acknowledgment and Agreement to be Bound by Protective Order, attached hereto as Exhibit A;

f. Any person who: (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person; (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her

employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment;

g. Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access; and

h. Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending against Carestream Health, Inc. and Southern California Orthopedic Institute, L.P. provided that such person(s) sign the Acknowledgment and Agreement to be bound by this Agreement and further provided that, in the circumstance of experts or consultants, such person(s) identities and curriculum vitae are provided to Carestream Health, Inc. and Southern California Orthopedic Institute, L.P. seven (7) days prior to disclosure of any protected information to allow for objection to such proposed disclosure. No disclosure shall be made to any expert or consultant who is employed by a competitor of Carestream Health, Inc. and Southern California Orthopedic Institute, L.P.

**6. Custody of Acknowledgment and Agreement to be Bound by Protective Order**

Counsel of record for the Disclosing Party shall keep originals of every Acknowledgment and Agreement to be Bound by Protective Order executed pursuant to Section 5 above.

**7. Objections to Designations**

In the event counsel for any party, in good faith, disputes the designation of any document as Confidential, he or she shall notify counsel for Producing Party in writing within thirty (30) days of the receipt of such document. The Producing Party shall then promptly apply to the Court to which this action is assigned for a determination that the document is protected pursuant to Local Rule 37. ~~pursuant to C.C.P. section 2031 within fourteen (14) days of notification that the Requesting Party disputes the designation~~

AGR

AGR

~~of any of the documents as Confidential. If an application to the Court is timely made,~~ any disputed documents will be treated as Confidential pursuant to this Protective Order until order of the Court.

**8. Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admission, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information as attorney work product or based on privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

**9. Return or Destruction of Materials**

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that all such information has been destroyed.

**10. Correction of Designation and Inadvertent Production of Confidential or Privileged Information**

a. Inadvertent production of Confidential Information shall not be deemed a waiver of any party's right to designate materials under the terms of this Order. If a party discovers that documents or information that qualify as Confidential Information have been produced without the designations set forth in this Order, that party shall be entitled to make a correction to the document or information's designation. Such correction and notice thereof shall be made in writing. In the event counsel for the Producing Party, in good faith, discovers that Confidential Information was inadvertently produced, the Producing Party shall notify counsel for the Receiving Party in writing accompanied by substitute copies

of each item of Discovery Material bearing the appropriate marking on the material to reflect its confidential status. Individuals who reviewed any mis-designated material prior to notice of the mis-designation shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

In the event the Receiving Party disputes the designation of "Confidential" trade secret or proprietary information, the Producing Party has the burden of proof to show that the designation is proper pursuant to the provisions of this Order.

b. A party that learns of inadvertently produced documents or other information during discovery in this Litigation which that party has a good faith reason to believe is privileged under the attorney-client or other privilege, provided said privilege has not been waived, or has good faith reasons to believe is protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such documents or information. Inadvertent production shall not be deemed a waiver of any applicable privilege. Upon receipt of a written request for return of the inadvertently produced documents, the Receiving Party shall (a) return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order allowing it to retain the document, pursuant to the procedures in Local Rule 37. ~~and with the burden of proving that the production was not protected or attorney-client privilege or work product.~~ All materials related to the inadvertently produced attorney-client privilege or work product document or information, and motion, shall be treated as Confidential Information pursuant to this Order, unless otherwise ordered by the Court. If such a motion is made pursuant to Local Rule 37 within thirty (30) days of receiving the notice from the Producing Party of its claim of inadvertent production, the Receiving Party may retain the produced document or information until the

AGR

Court resolves the motion. However, the Receiving Party shall not use the document or information for any purpose other than the motion except upon further order of the Court. If no such motion is made within the thirty (30) days, the Producing Party will be entitled to return of the document or information. Failure to move within thirty (30) days and/or return the inadvertently produced information shall not be deemed a waiver of such objection nor preclude subsequent motion by the Receiving Party. If the Receiving Party disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

c. If Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party and make every reasonable effort to retrieve that Confidential Information and to prevent further disclosure.

**11. Limitation on the Scope of this Order**

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

**12. No Admission**

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

**13. Duty to Notify of Receipt of Request for Confidential Information**

If any Receiving Party receives a request of any kind, including via subpoena or other legal process, for documents subject to this Order, such Receiving Party must inform the party requesting the information of this Order, provide the requesting party with a copy of this Order, and, give the Producing Party, or other

party who designated information under the terms of this Order, written notice of the request within three (3) business days after its receipt and three (3) business days before it produces any documents in response to the request, so that the Producing Party has an opportunity to take appropriate action, including moving for relief, prior to the production of any responsive material.

**14. Continuing Force of this Order**

AGR

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding. ~~This Court expressly retains jurisdiction over enforcement of the provisions of this Order following the final resolution of this Litigation.~~

**15. Modification of Order**

This Order is binding on all parties to this Litigation and on all other parties who have received Confidential Information pursuant to this Order, and shall remain in full force and effect until modified, superseded, or terminated by further order of the Court.

Nothing in this Order shall prevent a Producing Party from seeking or a Receiving Party from objecting to further, greater or lesser protection with respect to the use of any Confidential Information.

AGR

Notwithstanding the other provisions of the Order, the Requesting Party has the right to move to modify or apply for withdrawal of the Protective Order based upon abuse, misuse, or violation of the terms of the Protective Order by the Producing Party~~.~~ as provided by law

The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED:

DATED: August 13, 2010

Alicia G. Rosenberg

Honorable Alicia G. Rosenberg
MAGISTRATE OF THE DISTRICT COURT

## EXHIBIT A

## ACKNOWLEDGMENET AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, ____________________________, hereby certify that:

(i) It is my understanding that Discovery Material containing Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *Southern California Orthopedic Institute, L.P. v. Carestream Health, Inc.*, United States District Court, Central District of California, Western Division, No. 2:10-CV-00690-DSF-AGRx;

(ii) I have received and read the Order, I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: ______________________________

Signature: ______________________________

Name: ______________________________

Address: ______________________________

______________________________

SF\9746689.1

# PROOF OF SERVICE

I, the undersigned, declare:

I am a resident of the United States and over the age of eighteen (18) years, and not a party to the within action. I am an employee of Schiff Hardin LLP, and my business address is One Market, Spear Street Tower, Thirty Second Floor, San Francisco, California 94105.

On the date below, I caused to be served the following document(s):

## [PROPOSED] PROTECTIVE ORDER

☑ **BY MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepared, in the United States Mail at San Francisco, California at addressed as set forth below.

☑ **BY E-FILING:** By electronically serving the document(s) listed above via CM/ECF on the recipients designed on the Transaction Receipt located on the CM/ECF website.

LAW OFFICES OF JOHN A. BELCHER
JOHN A. BELCHER
NICHOLAS W. SONG
55 South Lake Avenue, Suite 801
Pasadena, CA 91101-2676
Tel: (626) 577-5771
Fax: (626) 577-7769

***Attorneys for Plaintiff***
***Southern California Orthopedic Institute, L.P.***

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on August 10, 2010, at San Francisco, California.

DANIEL W. GUNN

SF\9556751.1